**STATE ex rel. Jaime ESPARZA, Relator,**

v.

**Honorable Samuel PAXSON, Judge, 210th District Court, Respondent.**

**No. 08–93–00141–CR.**

Court of Appeals of Texas, El Paso.

May 26, 1993.

Jaime E. Esparza, Dist. Atty., El Paso, for relator.

Francisco F. Macias, El Paso, for respondent.

Before KOEHLER, BARAJAS and LARSON, JJ.

## *OPINION*

BARAJAS, Justice.

This is an original proceeding seeking to mandamus the Honorable Samuel Paxson, Judge of the 210th Judicial District Court of El Paso, County, Texas, Respondent. Relator, Jaime Esparza, District Attorney for the 34th Judicial District seeks mandamus to direct Respondent to correct a judgment of conviction to properly reflect a jury's affirmative finding of the use of a deadly weapon. We conditionally grant the writ of mandamus.

■ In order to obtain relief through writ of mandamus, a relator must establish that (1) no other adequate remedy at law is available and (2) that the act sought to be compelled is ministerial, rather than discretionary, in nature. *Dickens v. Court of Appeals Second Supreme Judicial District*, 727 S.W.2d 542, 548 (Tex.Crim.App. 1987), *citing State ex rel. Vance v. Routt*, 571 S.W.2d 903, 907 (Tex.Crim.App.1978); *see also State Ex Rel. Simmons v. Moore*, 774 S.W.2d 711, 714 (Tex.App.—El Paso 1989, orig. proceeding).

In the instant case, the defendant was charged with the felony offense of murder, in State of Texas v. Alberto Trevino, Cause No. 67938, then pending in the 210th Judicial District Court of El Paso County, Texas. The indictment, to which the defendant

pleaded guilty, read in pertinent part as follows:

> [T]hat ALBERTO TREVINO on or about the 23rd day of November, One Thousand Nine Hundred and Ninety-two and anterior to the presentment of this indictment, in the County of El Paso and the State of Texas, did then and there unlawfully, intentionally and knowingly cause the death of an individual, GLORIA CORRAL, by strangulating GLORIA CORRAL about the neck with a sock,
>
> And the Grand Juror do further present that the said defendant did use and exhibit a deadly weapon, to-wit: a sock, during the commission of the felony offense. . . .

The jury found the defendant guilty of the offense of murder, **as charged in the indictment.** Punishment was assessed by Respondent at confinement in the Texas Department of Criminal Justice, Institutional Division, for a term of 45 years. The judgment of conviction, as entered by Respondent, fails to make note of the jury's affirmative finding of use of a deadly weapon. *See Polk v. State*, 693 S.W.2d 391, 394 (Tex.Crim.App.1985). In the instant case, the judgment of conviction is otherwise final, no appeal having been taken. We find Relator has no other adequate remedy at law.

The question presented is whether a trial court has the discretion to disregard a jury finding of the use of a deadly weapon and thus elect not to enter that finding in the judgment of conviction. We find that the trial court does not.

 Upon an affirmative finding of the use of a deadly weapon, the trial court shall enter the finding in the judgment of the court. TEX.CODE CRIM.PRO.ANN. art. 42.-12, § 3g(1), (2) (Vernon Supp.1993). This section clearly contemplates a two-step process. First, there must be an affirmative finding that the defendant used or exhibited a deadly weapon; this finding is made by the trier of fact. *Ex parte Thomas*, 638 S.W.2d 905 (Tex.Crim.App.1982). Second, after the affirmative finding is made by the trier of fact, the finding *shall* be entered in the judgment by the trial court. *See Cur-*

*ry v. State*, 720 S.W.2d 261, 263 (Tex. App.—Austin 1986, pet. ref'd). The word "shall" is mandatory in nature. Any discretion that may exist in the above process lies in the first step, the affirmative finding by the trier of fact. Once that finding is made, TEX.CODE CRIM.PRO.ANN. art. 42.12, § 3g(1), (2) imposes a mandatory duty on the trial court to enter the finding in the judgment. *Curry v. State*, 720 S.W.2d at 263. Consequently, upon the jury making the affirmative finding of the use of a deadly weapon in the instant case, Respondent had the ministerial duty to enter that finding in the judgment of conviction. Respondent retained no discretion to do otherwise. *See Ex parte Poe*, 751 S.W.2d 873, 876 (Tex.Crim.App.1988).

 Respondent has the authority to reform the judgment in the instant case so as to show the true offense of which the defendant was found guilty by the jury. Such reformation is accomplished through the entry of a judgment *nunc pro tunc.* The purpose of a *nunc pro tunc* order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time. *Ex parte Dopps*, 723 S.W.2d 669 (Tex.Crim.App. 1986).

Having found that Relator has no other adequate remedy at law to seek enforcement of an otherwise ministerial act on the part of Respondent, we conditionally grant Relator's application for writ of mandamus. Mandamus will issue should Respondent elect not to enter a judgment *nunc pro tunc* in the instant case to properly reflect the jury's affirmative finding as to use of a deadly weapon.