**Michael Cornell TURNER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–92–279–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 8, 1993.

---

---

Mary B. Thornton, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Betty Marshall and Charles M. Mallin, Asst. Chiefs, Steven W. Conder, Barbara Medley, and Stephen Marshall, Assts., Fort Worth, for State.

Before FARRIS, WEAVER and DAY, JJ.

## OPINION

FARRIS, Justice.

Michael Cornell Turner appeals his conviction for attempted murder contending the trial court abused its discretion in vacating its first sentencing hearing and resentencing him with an affirmative finding of a deadly weapon. We hold the trial court acted within its discretion in conducting a new sentencing hearing and affirm the judgment.

A jury determined Turner's guilt and the trial judge assessed his punishment. Following a hearing on punishment and immediately before pronouncing sentence, the judge commented on Turner's use of a deadly weapon, "you went into a man's home and literally beat his skull in with a hammer," but in pronouncing sentence, the judge did not state he found Turner had used a deadly weapon. However, the judgment, entered four days later, included the finding Turner had used a deadly weapon, a hammer, in committing the offense or in flight therefrom. The following day, on his own motion, the judge set aside the earlier judgment and conducted a new sentencing hearing. At the

7. *Philen v. State,* 683 S.W.2d 440, 444 (Tex.Crim. App.1984), *cited with approval in Jones,* 803 S.W.2d at 719.

hearing the trial judge formally stated a deadly weapon finding. The trial court then entered a second judgment which contained a deadly weapon finding worded exactly like that of the first judgment.

Turner argues the original sentencing hearing was "technically ineffective in assessing an affirmative finding of a deadly weapon" because the judge did not specifically state such a finding. Thus, he argues, the judgment was void so far as it recited the deadly weapon finding because there was not a separate and specific affirmative finding of deadly weapon, in addition to the recitation of the offense for which he had been convicted. *See Ex parte Hughes,* 739 S.W.2d 869, 871 (Tex.Crim.App.1987). Finally, Turner insists the trial court improperly attempted to correct its error by judgment nunc pro tunc.

Turner's underpinning argument fails because the rules do not require the trial court to pronounce a deadly weapon finding at a sentencing hearing. The court is required to pronounce sentence in the defendant's presence, TEX.CODE CRIM.PROC.ANN. art. 42.03 (Vernon Supp.1993), but the sentence is only that part of the judgment that orders the execution of punishment. *See* TEX.CODE CRIM.PROC.ANN. art. 42.02 (Vernon Supp.

1993). The only requirement of an affirmative finding of deadly weapon is that the trial court enter the finding in its judgment. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, 3g(a)(2) (Vernon Supp.1993).

In this case the trial judge voiced the fact that Turner used a hammer in his attack on the victim, as alleged in the indictment. The first judgment formally included the entry of an affirmative deadly weapon finding. The trial judge was required to do no more to effect the deadly weapon finding. Accordingly, the second hearing and judgment were unnecessary, effected no consequential change, and the result was not a judgment nunc pro tunc. Thus, the trial court did not abuse its discretion in conducting a second sentencing hearing or in entering a new judgment.

Turner's point of error is overruled and the judgment is affirmed.