Opinion filed January 25, 2007

















 
 
  
 
 







 
 
  
 
 




Opinion filed January 25, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00041-CR 

                                                    __________

 

                                 BENNY LEE CAMPBELL, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 350th District Court

 

                                                          Taylor County,
Texas

 

                                                   Trial
Court Cause No. 7346-D

 



 

                                                                   O
P I N I O N

 

Benny Lee Campbell was convicted of possession of
cocaine and was sentenced to thirty-five years confinement.  The trial court=s
judgment reflects that Campbell
was convicted of possession of cocaine in a drug-free zone, a third degree
felony, which was enhanced with two prior felony convictions.  Campbell
contends that his sentence is illegal because the trial court=s oral pronouncement found him guilty
of only state jail felony possession B
which, with enhancements, would authorize a maximum sentence of only twenty
years.  We modify the judgment, affirm
the conviction, and remand for resentencing.








                                                             I.  Background Facts

Campbell was
charged by indictment with possession of more than one gram, but less than four
grams, of cocaine within one thousand feet from the Woodson Early
 Childhood Center.
The State also alleged two prior felony convictions for enhancement.  Campbell
pleaded not guilty and waived a jury trial. 
At the conclusion of the State=s
case, the prosecution stated:

Judge, the State would rest and noting for the
Court that the State is proceeding on the lesser included offense of state jail
possession of controlled substance in a drug-free zone.

 

After both sides closed, the trial court found Campbell guilty and stated:

It is not and has not been disputed that the
substance that was in the pill bottle is a controlled substance.  The amount of the controlled substance is not
and has not been disputed.  So the only
question which I=m down to
is possession of that controlled substance. 
The Court does note that the amount of controlled substance that was
testified to would be a state jail felony if, in fact, it was in the possession
of the Defendant.

 

. . . .

 

And given that I believe such testimony, I find
the evidence sufficient to find the Defendant guilty beyond a reasonable doubt
of a state jail felony of possession of cocaine in an amount of less than one
gram, and that is the finding of the Court. 


 

The trial court then ordered a presentence investigation and set
a sentencing hearing.

At the beginning of the sentencing hearing, the
trial court admonished Campbell
that he had been found guilty of the state jail felony of possession of cocaine
in a drug-free zone.  Neither side
objected to this statement.  The
presentencing report stated that the range of punishment was fifteen to
ninety-nine years.  The trial court
discussed this with counsel, and both sides agreed that the correct punishment
range was actually twenty-five to ninety-nine years.  The trial court then specifically verified
that Campbell himself understood that the punishment range was twenty-five to
ninety-nine years.  Campbell pleaded true to the enhancement
paragraphs, and the trial court assessed his punishment at thirty-five years
confinement.  Several days later, the
trial court signed a written judgment that stated that Campbell had been
convicted of A[p]ossession
of [c]ocaine in a [d]rug [f]ree [z]one . . . [t]hird [d]egree [e]nhanced with
two prior offenses.@

 








                                                                       II.  Issues

Campbell
challenges his sentence with a single issue contending that the judgment should
be reformed to reflect that he was found guilty of possession of cocaine rather
than possession of cocaine in a drug-free zone. 
He also asks this court to remand the case to the trial court for
reassessment of punishment within the second degree felony range.

                                                                     III.
Analysis

Possession of less than one gram of cocaine is ordinarily
a state jail felony.[1]  However, if the possession is in a drug-free
zone, the potential consequences become more severe.  A state jail felony possession of cocaine
becomes a third degree felony if committed within one thousand feet of any real
property owned, rented, or leased to a school or school board.[2]

A third degree felony enhanced with two prior
felony convictions is punishable by confinement for life or for any term of not
less than twenty-five years nor more than ninety-nine years.  Tex.
Pen. Code Ann. '
12.42(d) (Vernon 2006).  A state jail
felony punishable under Tex. Pen. Code
Ann. ' 12.35(a)
(Vernon 2003), enhanced with two prior felony convictions, is punishable by
confinement for two to twenty years. 
Section 12.42(a)(2).  But if it is
punishable other than under Section 12.35(a), then a state jail felony
conviction enhanced with two prior felony convictions authorizes confinement
for life or for any term of not less than twenty-five years nor more than
ninety-nine years.  Section 12.42(d).








The trial court=s
initial oral statement finding Campbell guilty, if taken alone, would not
authorize a thirty-five year sentence because it made no reference to
possession in a drug-free zone and it found Campbell guilty of only a state
jail felony.  The trial court=s statements at the beginning of the
sentencing hearing, if taken alone, lead to a mixed result.  The trial court included a reference to the
drug-free zone element and clearly advised Campbell
that he faced twenty-five to ninety-nine years confinement, but the trial court
referred to Campbell=s conviction as one for a state jail
felony.  Finally, the trial court=s written judgment, if taken alone,
would authorize a thirty-five year sentence because the trial court
specifically found that Campbell
was guilty of  third degree felony
possession of cocaine in a drug-free zone, enhanced by two prior felony
convictions.

The question becomes: which is controlling?  Understandably, Campbell contends that the written judgment
should be modified to reflect the trial court=s
original oral statement pronouncing him guilty of simple state jail felony
possession, while the State argues that the trial court=s
written judgment is controlling.  We
differ with both and conclude that the trial court=s
statements during the sentencing hearing constitute the rendition of sentence
and that the written judgment must be modified to reflect that rendition.

The trial court was not limited to the exact
verbiage of its initial statement finding Campbell
guilty.  Because Campbell waived a jury and was tried before
the court, it was a unitary trial.  Saldana
v. State, 150 S.W.3d 486, 489 (Tex.
App.CAustin
2004, no pet.).  Even though the trial
court employed procedures characteristic of bifurcation, it remained a unitary
trial punctuated by a recess in its middle. 
Id.  The issues of guilt and punishment cannot be
separated in a unitary trial.  Lopez
v. State, 96 S.W.3d 406, 412 (Tex. App.CAustin
2002, pet. ref=d).  Consequently, the trial court retained the
authority to correct its original statement by including the drug-free zone
finding.

That correction was permissible under the facts of
this case.  Campbell
was indicted for possession in a drug-free zone, and the evidence clearly
established that he was less than one thousand feet from the Abilene Independent
School District=s
Woodson Early Childhood
 Center.  Campbell=s defense did not dispute the drug-free
zone allegation but focused on the possession element.  Campbell
testified on his own behalf and admitted that he was at the residence and that
there were drugs present.  But, he
testified that he had just arrived before the police officers and that the
drugs were not his.  Between the trial
court=s
original pronouncement of guilt and the start of the sentencing hearing, Campbell did not waive
any rights, enter into any plea agreement, or otherwise act in detrimental
reliance on the trial court=s
statement.  Therefore, the trial court=s reference at the beginning of the
sentencing hearing to possession in a drug-free zone did not deprive Campbell of notice,
offend traditional due process concerns, or otherwise implicate any
constitutional concern.








This does not, however, resolve the conflict
between the trial court=s
oral statement at the sentencing hearing finding Campbell guilty of a state
jail felony and the execution of a written judgment finding him guilty of a
third degree felony.  Except in
misdemeanor cases, the defendant=s
sentence must be pronounced in his presence.[3]  The written judgment is merely the embodiment
of the trial court=s oral
pronouncement.  Taylor
v. State, 131 S.W.3d 497, 500 (Tex.
Crim. App. 2004).              The general rule is that, when there
is a conflict between the oral pronouncement of sentence and the written
judgment, the oral pronouncement controls. 
Thompson v. State, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003).  The rationale for this rule is that the
imposition of sentence is the crucial moment when all of the parties are
physically present at the sentencing hearing and are able to hear and respond
to the imposition of sentence.  Ex
parte Madding, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002).

The defendant=s
due process rights are also implicated. 
The Texas Court of Criminal Appeals has recognized that a defendant has
a legitimate expectation that the sentence he heard orally pronounced in the
courtroom is the same sentence that he will be required to serve.  Id.
at 136.  For example, in Madding,
the trial court sentenced the defendant to seventeen years and announced that
this sentence would run concurrently with the sentence from another
conviction.  Subsequently, however, the
trial court signed a judgment that stacked the two sentences.  The Court of Criminal Appeals held that this was
improper because the trial court lacked the statutory authority or discretion
to orally pronounce one sentence in front of the defendant but enter a
different sentence in the written judgment outside the defendant=s presence.  Id.  In Taylor,
131 S.W.3d at 500, the court held that a fine could not be included in the
judgment when it was not pronounced at sentencing.  In Campos v. State, 927 S.W.2d 232,
237 (Tex. App.CWaco
1996, no pet.), the court held that a deadly weapon finding could not be
included in the judgment after the trial court specifically stated at the
sentencing hearing that there would be no deadly weapon finding.








Unlike these cases, Campbell=s
written judgment did not alter the length of his incarceration, impose an
additional fine, or change when he would be eligible for parole.  Nor was Campbell
deprived of the ability to respond to the court=s
sentence at the sentencing hearing. 
Campbell=s
contention that he was convicted of a state jail felony and, therefore, could
not be sentenced for more than twenty years could have been raised at the
beginning of the sentencing hearing when the court and attorneys discussed the
possible range of punishment, when the trial court admonished Campbell that he
faced between twenty-five to ninety-nine years incarceration, or when the trial
court announced that it was sentencing Campbell to thirty-five years in
prison.  Campbell did not do so, but we find that the
lack of an objection does not waive error and that the lack of discrepancy
between the length of the sentence orally pronounced and the sentence recorded
in the judgment does not end our analysis.

The State argues that Campbell waived his right to contest the
sentence by not objecting at trial.  The
State acknowledges that a void or illegal sentence can be challenged for the
first time on appeal or even corrected by any court with jurisdiction upon its
own motion.  See Mizell v. State,
119 S.W.3d 804, 806 n.6 (Tex. Crim. App. 2003). 
A void or illegal sentence is one where the punishment is
unauthorized.  See Ex parte Pena,
71 S.W.3d 336, 336 n.2 (Tex. Crim. App. 2002) (a fine that exceeds the maximum
allowed fine would be a void or illegal sentence). 

The Texas Court of Criminal Appeals recently found
that a defendant could raise a claim by writ of habeas corpus that his sentence
was void because of improper enhancement B
even though he pleaded true to the enhancement paragraphs and did not raise the
issue on direct appeal.  See Ex parte
Rich, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006).  Campbell
contends that he was convicted of only a state jail felony. If this is correct,
his sentence would be void or illegal because the maximum permitted sentence
for a state jail felony enhanced with two prior felony convictions is only
twenty years.  Consequently, we find his
claim is not procedurally barred.

The State next argues that Campbell=s
conduct constitutes a violation of Tex.
Health & Safety Code Ann. '
481.134(d)(1) (Vernon Supp. 2006) and that, even though the trial court
referred to it as a state jail felony, the statute makes it a third degree
felony.  Because Campbell=s
sentence was within the allowed range for a third degree felony enhanced with
two prior felony convictions, the State contends that his sentence is not
illegal or void.  The State=s position fails to distinguish between
what could have happened and what actually occurred.








We are unaware of any case where the trial court
mistakenly described the level of offense, but we believe the decision in Thompson
is instructive.  There, the jury
convicted the defendant of one count of sexual assault of a child and one count
of indecency with a child.  The trial
court deferred sentencing for the preparation of a PSI.  At the sentencing hearing, the trial court
orally pronounced a sentence of thirty years on the sexual assault of a child
count, but did not pronounce any sentence on the indecency with a child
count.  No one objected to the
omission.  In the written judgment,
however, the defendant was sentenced to thirty years each on both counts.  Id.
at 289.

The Court of Criminal Appeals held that the trial
court=s failure
to render judgment on the indecency count meant that there was no conviction on
that count from which the defendant could appeal.  Id.
at 290.  The court relied upon its prior
decision in Jones v. State, 795 S.W.2d 199, 201 (Tex. Crim. App. 1990),
to distinguish between the rendition of a sentence and the entry of judgment in
a written form.  Rendition is an event
that a judgment records.  Id.  Because no sentence was rendered, it was
improper for the judgment to reflect otherwise.

In this case, the trial court rendered judgment
that Campbell was guilty of a state jail felony even though the conduct it
found Campbell committed would constitute a third degree felony.  The mistake is understandable.  Possession of less than one gram of cocaine
is ordinarily a state jail felony, but Section 481.134(d)(1) makes it a third
degree felony in some instances.  The
prosecutor referred to the charge as a state jail felony when he rested, and no
one objected to the trial court=s
description of the offense as a state jail felony during the sentencing
phase.  

The trial court=s
attention to the case is admirably reflected in the care it demonstrated during
its review of the presentence report and in its admonishments to the defendant
prior to sentencing.  Unfortunately,
however, the trial court undeniably rendered judgment that Campbell was guilty of a state jail
felony.  Because the maximum sentence Campbell could receive
for a state jail felony with two prior felony convictions was twenty years, the
thirty-five year sentence he received is illegal and void.

Because we find that Campbell=s
sentence is void, his judgment must be modified to reflect his conviction for a
state jail felony.  We have previously
held that the trial court had the authority under the law and the facts to
correct its original oral pronouncement of guilt to reflect that Campbell was guilty of
possession of cocaine in a drug-free zone. 
However, possession within one thousand feet of a school is a third
degree felony.  To harmonize the judgment
with the rendition, we must modify it to reflect that Campbell was convicted of the lesser included
simple possession.

                                             IV.
Holding








Campbell=s issue is sustained.  We modify the judgment to reflect that Campbell was convicted of
the state jail felony of possession of less than one gram of cocaine, enhanced
with two prior felony convictions.  As
modified, we affirm the conviction but reverse the sentence and remand this
case to the trial court for resentencing.

 

 

RICK STRANGE

JUSTICE

 

January 25, 2007

Publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











 
 
  
 
 







 
 
  
 
 




Opinion filed January 25, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of
Appeals

                                                                 ____________

 

                                                          No. 11-06-00041-CR 

                                                     __________

 

                                 BENNY LEE
CAMPBELL, Appellant

 

                                                             V.

 

                                        STATE OF TEXAS, Appellee

 



 

                                         On
Appeal from the 350th District Court 

 

                                                          Taylor County,
Texas

 

                                                   Trial
Court Cause No. 7346-D

 



 

                                                D I S S E N T I N G  
O P I N I O N

 

I would affirm the judgment of the trial
court.  In Tex. Health & Safety Code Ann. ' 481.115(a) (Vernon 2003), the legislature made it an offense for a
person to knowingly or intentionally possess a controlled substance listed in
Penalty Group 1, unless the substance had been obtained from or prescribed by a
practitioner acting in the course of professional practice.  Cocaine is a Penalty Group 1 offense.  The punishment for committing that offense
depends upon various factors set forth in the statutes.








The amount of cocaine possessed is one of the
factors affecting the length of punishment for possessing it.  In
Tex. Health & Safety Code Ann.
' 481.115(b) (Vernon 2003), the legislature provided that an offense under
Section 481.115(a) is a state jail felony if the amount possessed is less than
one gram.  In subsequent subsections of Tex. Health & Safety Code Ann. ' 481.115 (Vernon 2003), the penalties
for violating Section 481.115(a) increase as the amount possessed increases. 

The penalty for violating Section 481.115(a) not
only increases as the amount possessed increases but also increases if the
substance is possessed within certain distances of statutorily defined  Adrug-free
zones.@ In Tex. Health & Safety Code Ann. ' 481.134(d)(1) (Vernon Supp. 2006), the
legislature provided that an offense that was otherwise classified under
Section 481.115(b) (state jail felony for possession of cocaine under one gram)
became a third degree felony if the offense was committed Ain, on, or within 1,000 feet of any
real property that is owned, rented, or leased to a school or school board.@

Although a grand jury indicted appellant for
possession of cocaine of more than one but less than four grams, a third degree
felony, the evidence revealed that the amount was under one gram, a state jail
felony.  After the close of testimony
pertaining to whether appellant was guilty, the trial court said: AThe Court does note that the amount of
controlled substance that was testified to would be a state jail felony.@ 
The trial court further stated: AI
find the evidence sufficient to find the Defendant guilty beyond a reasonable
doubt of a state jail felony of possession of cocaine in an amount of less than
one gram, and that is the finding of the Court.@  All of these statements were correct.

The trial to the court continued at a later
date.  At the beginning of the Asentencing hearing,@ the trial court said: AMr. Campbell, the Court found you guilty
of the state jail felony of possession of cocaine in a drug-free zone.@ 
Because this was a trial to the court, and not bifurcated, the trial
court had the authority to add the Adrug-free
zone@
enhancing factor when it did.   The
decision of the trial court was not fixed until it rendered judgment on guilt
and punishment after all the evidence and arguments had been heard.  Barfield v. State, 63 S.W.3d 446, 451
(Tex. Crim.
App. 2001).  The offense Aotherwise punishable under Section . .
. 481.115(b)@ became a
felony of the third degree because the trial court found that appellant
committed the offense in a drug-free zone. 
Section 481.134(d)(1).  The amount
possessed in this case was a state jail felony amount.  It is the place of possession rather than the
amount possessed which results in the offense becoming a third degree
felony.  








At the start of the sentencing hearing, the trial
court had found that appellant had committed state jail felony possession of
cocaine as provided in Section 481.115(a) and that he had committed the offense
in a drug-free zone as provided in Section 481.134(d)(1).  Together, those findings result in a third
degree felony.  The trial court told
appellant before it set his punishment that A[t]he
Court does note this is a state jail felony that=s
been enhanced.@  In explaining why it was going to Adeviate toward the lower end of the
range of punishment,@
the trial court said that it was because Ait
is, in fact, a state jail felony.@  I think that it is clear that the trial court
was referring to the amount possessed and that this was not a finding but,
rather, was as the trial court indicated an explanation of why it was setting
punishment at the lower end of the range for a third degree felony enhanced by
two prior felony convictions.  The trial
court had already made its findings that appellant possessed less than one gram
of cocaine in a drug-free zone.  It is
clear from the trial court=s
admonishment regarding punishment that it certainly knew that the state jail
possession was enhanced to a third degree felony when it found that the offense
occurred in a drug-free zone.

After admonishing appellant, the trial court
assessed his punishment at thirty-five years, a period of time within the
punishment range applicable in this case. 
Tex. Pen. Code Ann. ' 12.42(d) (Vernon Supp. 2006).  The written judgment provides that appellant
was convicted of possession of cocaine in a drug-free zone, a third degree
felony that was enhanced with two prior felonies.  That is the same thing that the trial court
had already found.  I would hold that the
sentence in this case is legal and that the written judgment does not conflict
with the oral pronouncement.  I would
overrule appellant=s sole
issue and affirm the judgment of the trial court.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

January 25, 2007

Publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]Tex. Health & Safety Code
Ann. ' 481.115
(Vernon 2003).





[2]Tex. Health
& Safety Code Ann. ' 481.134(d)(1) (Vernon
Supp. 2006).





[3]Tex. Code Crim. Proc. Ann. art. 42.03 (Vernon 2006).