

# NUMBER 13-13-00080-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JESSE TIRADO LOPEZ,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## On appeal from the 85th District Court
## of Brazos County, Texas.[1]

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Jesse Tirado Lopez appeals his conviction of assault—family violence,

a third-degree felony enhanced to habitual offender status.[2]   *See* TEX. PENAL CODE ANN.

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, the appeal has been transferred to this Court from the Tenth Court of Appeals in Waco, Texas.   *See* TEX. GOV'T. CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

[2] During the punishment phase, judgments were admitted that showed appellant had the following

§§ 12.42(d), 22.01(b)(2)(A) (West, Westlaw through 2013 3d C.S.).  After a jury found appellant guilty, the trial court assessed punishment at thirty-two years' confinement in the Texas Department of Corrections, Institutional Division.  By two issues, appellant argues (1) he received ineffective assistance of counsel, and (2) his rights under the Texas Fair Defense Act were violated.  We affirm.

## I.    BACKGROUND

Officer Stacey Dowling, while responding to a noise complaint, arrived on scene to find a pickup truck with a blaring alarm.  When Dowling approached, she saw Dora Mendez in the passenger seat, shaking and with dried blood on her lips, shirt, and mouth.  Mendez told Dowling that she and her boyfriend, appellant, got into an argument at a bar because she did not want him to drive while he was intoxicated.  As they left the bar, appellant punched Mendez in the face.

After being found guilty of assault and sentenced, appellant filed a motion for new trial alleging ineffective assistance of counsel.  After the hearing, the motion was overruled by operation of law.  *See* TEX. R. APP. P. 21.8(a).  This appeal ensued.

## II.    INEFFECTIVE ASSISTANCE OF COUNSEL

By his first issue, appellant argues that he did not receive effective assistance of counsel and asserts that his sixth amendment right to effective assistance of counsel and

---

prior convictions:  (1) November 9, 1987 misdemeanor conviction for driving while intoxicated (second misdemeanor offense); (2) July 18, 1988 misdemeanor conviction for resisting arrest; (3) May 18, 1992 misdemeanor conviction for driving while license was suspended; (4) April 15, 1992 felony conviction for driving while intoxicated (first felony offense); (5) June 20, 1995 felony conviction for driving while intoxicated (second felony offense); (6) September 1, 2000 misdemeanor conviction for criminal trespass—property; (7) November 19, 2004 felony conviction for driving while intoxicated (third felony offense): (8) January 24, 2007 misdemeanor conviction for fleeing a police officer; and (9) July 21, 2009 felony conviction for driving while intoxicated (fourth felony offense) (included guilty plea for charge of resisting arrest).

fourteenth amendment right to due process were violated. Appellant lists twenty separate complaints in his argument section,[3] which generally fall into four categories: (1) trial counsel's qualifications; (2) lack of communication; (3) trial investigation and preparation; and (4) defense witnesses and evidence.[4]

## A. Standard of Review and Applicable Law

To prevail on an ineffective assistance claim, appellant must show: (1) counsel's representation fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). Our review of counsel's representation is highly deferential, and we will find ineffective assistance only if appellant rebuts the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Okonkwo v. State*, 398 S.W.3d 689, 691 (Tex. Crim. App. 2013) (explaining that the focus of appellate review is the objective reasonableness of counsel's actual conduct in light of the entire record).

When, as here, ineffective assistance was first urged in a motion for new trial, we review the two *Strickland* prongs through the prism of the abuse of discretion standard. *See Cueva v. State*, 339 S.W.3d 839, 857 (Tex. App.—Corpus Christi 2011, pet. denied);

---

[3] Appellant identified various complaints, but has failed to specifically incorporate his complaints into his discussion or otherwise cite case authority with respect to each complaint.

[4] In appellant's "Statement of Facts," he complains that trial counsel did not make "**any** challenges for cause—not a single one—notwithstanding the plethora of comments by several jurors indicating that they had already disqualified themselves because of bias or prejudice against the Appellant." Appellant, however, did not include any jury voir dire argument in his "Argument" section. Appellant has inadequately briefed and waived any challenge regarding jury voir dire. TEX. R. APP. P. 38(i).

*State v. Gill*, 967 S.W.2d 540, 542 (Tex. App.—Austin 1998, pet. ref'd). A trial court abuses its discretion when no reasonable review of the record could support the trial court's ruling. *McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012).

## B. Analysis

### 1. Trial Counsel's Qualifications

Appellant argues trial counsel's performance was ineffective because trial counsel was not approved for appointment in felony cases. The record shows that appellant was aware that trial counsel was not on the felony appointment list, but that he expressly informed the trial court that he wanted trial counsel to be his attorney.[5] Further, appellant's argument assumes that if an attorney is not included on the felony appointment list, the attorney is unqualified to represent a defendant in a felony matter. Appellant has not cited any case authority in support of his argument, and has not shown that trial counsel was unqualified to represent him in this case. To the contrary, the record shows that trial counsel had previous trial experience in felony cases. We reject appellant's argument that because trial counsel was not on the felony appointment list, his performance necessarily fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688.

---

[5] During arraignment, the following transpired, after discussion:

[JUDGE]: Okay. [Defense counsel] is not on the felony appointment list, so he will remain your attorney by your consent. Do you wish to have [defense counsel] stay on the case?

[DEFENDANT]: That's fine. That's fine. That's fine.

## 2. Communication

Appellant complains trial counsel failed to visit him in jail, failed to respond to phone calls and letters from him, failed to respond to phone calls from Sara Portillo, the mother of appellant's children, and Dora Mendez, the "complainant", failed to send a letter to the magistrate confirming that trial counsel contacted him, and failed to properly communicate the State's plea offer to him. Appellant further complains that trial counsel only spoke with him four or five times after brief court hearings and at trial, but never outside of court.

These allegations presume appellant's version of facts is correct and disregards trial counsel's testimony at the motion for new trial hearing. Trial counsel testified that he met appellant several times before trial and discussed the case with him and informed appellant of the plea offer. In regards to the letter trial counsel allegedly failed to send to the magistrate, appellant's brief fails to explain how this failure falls below an objective standard of reasonableness. The purpose of the letter is to verify to the magistrate that a court-appointed attorney is meeting with his client within seventy-two hours of appointment. Because trial counsel does not speak Spanish, and appellant speaks limited English, trial counsel chose to meet with appellant at the courthouse in order to make use of the court's translator. Given the linguistic challenges, we consider this course of action acceptable and within an objective standard of reasonableness. *See, e.g., Campos v. State*, 927 S.W.2d 232, 237 (Tex. App.—Waco 1996, no pet.) (holding that defense counsel's alleged failure to correctly advise defendant as to possibility of deferred adjudication, ineffective communication with defendant, who spoke Spanish,

5

and failure to review photographs of victim's injuries prior to plea hearing did not constitute ineffective assistance of counsel).

Appellant and trial counsel testified at the hearing on appellant's motion for new trial. During the hearing, there was contradictory and moderating testimony regarding the contacts between appellant and trial counsel, the communications between trial counsel and Portillo, and the delivery of the plea offer. Trial counsel acknowledged receiving phone calls from the complainant but never speaking with her. Trial counsel explained his reluctance to speak with the complainant stemmed from fear of a possible accusation of witness tampering. Moreover, the record does not indicate what, if any, information trial counsel would have elicited from the complainant to help advance a viable defense. The trial court was free to believe appellant's trial counsel rather than appellant. *See Dewberry v. State*, 4 S.W.3d 735, 747 (Tex. Crim. App. 1999).

We conclude that appellant has failed to overcome the presumption that trial counsel's performance fell within the broad range of reasonable professional assistance. *See Strickland*, 466 U.S. at 688.

### 3. Case Investigation and Preparation

Appellant claims the only work trial counsel performed on his case occurred in the courtroom. Again, trial counsel's testimony contradicts appellant's claims. According to trial counsel, he met with appellant before and after court appearances with a translator; researched appellant's criminal history and enhancements; communicated with appellant's parole officer regarding the effect of a conviction on appellant's parole status; received discovery from the State; communicated with appellant about the State's

6

evidence; obtained a plea offer from the State and communicated the offer to appellant; communicated with appellant's family about the status of the case; and requested appellant's trial clothes from the family. Again, the trial court was free to believe appellant's trial counsel rather than appellant. *See Dewberry*, 4 S.W.3d at 747.

Appellant also argues trial counsel was ineffective for failing to visit the scene of the crime and scene where appellant was arrested. Trial counsel explained that his strategy, based on conversations with appellant, was to present through cross-examination appellant's contention that any contact between appellant and complainant was defensive. Appellant fails to state what particular knowledge trial counsel would have garnered from visiting the scenes, or how visiting the scenes would have aided the defensive theory. *See Strickland*, 466 U.S. at 691 (explaining that when facts that support a certain potential line of defense are generally known to counsel because of what defendant has stated, the need for further investigation may be considerably diminished or eliminated altogether).

### 4. Defense Witnesses and Evidence

Appellant contends counsel's performance was deficient because he failed to call any witnesses, failed to put on any evidence, and failed to inform Portillo that she could have testified during the punishment phase of the trial. Aside from Portillo, appellant has not identified any other testimony or evidence that could have been presented. Trial counsel's failure to call such witnesses would be "irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony." *King v. State*, 649 S.W.2d 42 (Tex. Crim. App. 1983) (en banc). In regards to Portillo, she

testified at the new trial hearing that she could have talked about appellant's life, that he was a good father, and generally about unidentified favorable things. Trial counsel stated, however, that appellant instructed him not to call his girlfriend to testify during the punishment phase and that appellant elected not to take the stand during the guilt-innocence phase. Without additional witnesses for the defense, trial counsel used cross-examination to develop the defense theory of the case. *See Duncan v. State*, 717 S.W.2d 345, 347 (Tex. Crim. App. 1986) (en banc) (holding that if defendant insists on a particular trial strategy, he may not later complain that such a strategy constitutes ineffective assistance). The trial court was free to believe trial counsel's version of events rather than appellant's. *See Dewberry*, 4 S.W.3d at 747.

Finally, appellant complains trial counsel failed to prove that appellant's hands were deformed from a prior injury to the extent that he could not have hit complainant without further injuring himself. Contrary to appellant's assertions, the trial record shows that the jury heard testimony about appellant's previously broken arms. *See Duncan*, 717 S.W.2d at 347. The responding police officer and complaining witness both testified at trial that there was no discernable injury to appellant's hands on the night of the offense. The complaining witness testified that approximately nine months before the incident, appellant broke both arms, but that he was not wearing "bandages" and was able to drive at the time of the incident.

## 5. No Showing Performance Prejudiced Defense

Rather than apply the second prong of *Strickland* to show how the alleged deficient performance prejudiced the defense, appellant argues that the cumulative errors are

8

"equivalent to no legal assistance at all," and that therefore a presumption of prejudice applies. Appellant analogizes his trial counsel's performance to presumed-harm cases in which trial counsel either slept or failed to appear for trial to this case. *See Javor v. United States,* 724 F.2d 831 (9th Cir. 1994) (holding that a presumption of prejudice exists where attorney for defendant sleeps through a substantial portion of trial); *Tippins v. Walker*, 889 F. Supp. 91 (S.D.N.Y. 1995) (same); *Hays v. Alabama*, 85 F.3d 1492 (11th Cir. 1996) (holding presumed prejudice when counsel absent, prevented from assisting during a critical phase, or failed to subject prosecution's case to meaningful adversarial testing), *Burdine v. Johnson*, 262 F.3d 336, 341 (5th Cir. 2001) (same).

Here, trial counsel was present and awake, conducted voir dire, gave legitimate opening and closing statements, pursued a trial strategy, and examined witnesses. *See Ex Parte McFarland*, 163 S.W.3d 743 (Tex. Crim. App. 2005) (en banc) (holding that no presumption of prejudice exists despite lead counsel sleeping during trial because co-counsel was an awake, active, and zealous advocate in the adversarial testing of the prosecution's case). We decline appellant's invitation to extend presumed-harm cases in which trial counsel either slept or failed to appear for trial to the facts in this case. Appellant fails to show how any of the alleged deficiencies changed the outcome of his trial. *See Strickland*, 466 U.S. at 691.

### 6. Summary

Appellant fails to rebut the presumption that trial counsel's conduct falls within the wide range of acceptable performance and fails to present record evidence satisfying the second prong of *Strickland*. *See id.* (appellant must show deficient performance

9

prejudiced defense to prevail on ineffective assistance of counsel claim). Appellant's ineffective assistance claim fails under both prongs of *Strickland.* Therefore, appellant has failed to show the trial court's ruling on the motion for new trial constituted an abuse of discretion. *See State v. Herndon*, 215 S.W.3d 901, 906 (Tex. Crim. App. 2007). We overrule appellant's first issue.

### III. TEXAS FAIR DEFENSE ACT

By his second issue, appellant argues that his statutory right under the Texas Fair Defense Act (TFDA) to representation by a competent and qualified attorney was violated, thereby depriving him of effective assistance of counsel. Appellant argues that because trial counsel was not on the public appointment list for felony cases, trial counsel rendered ineffective assistance of counsel. In reaching that conclusion, appellant urges this Court to hold that a violation of the TFDA eliminates the need to meet the second prong of *Strickland* and that the appointment of an attorney not included on the list to represent misdemeanor and felony defendants is fundamental error.

The Texas Fair Defense Act was enacted in 2001 and focuses on the appointment procedures for counsel for indigent defendants. TEX. CRIM. PROC. CODE ANN. §§ 1.051, 26.04 (West, Westlaw through 2013 3d C.S.). Specifically, the TFDA governs the appointment of counsel for indigent defendants in certain criminal misdemeanor and felony cases, and authorizes local judges to establish a public appointment list of attorneys qualified to provide representation in misdemeanor and felony cases in the county and to specify the objective qualifications necessary for an attorney to be included on the list. Subsection (b), in applicable part, requires the judges to:

(3)    ensure that each indigent defendant in the county who is charged with a misdemeanor punishable by confinement or with a felony and who appears in court without counsel has an opportunity to confer with appointed counsel before the commencement of judicial proceedings;

. . . .

(5)    ensure that each attorney appointed from a public appointment list to represent an indigent defendant perform the attorney's duty owed to the defendant in accordance with the adopted procedures, the requirements of this code, and applicable rules of ethics;

. . . .

Subsection (d) thereafter states that a public appointment list from which an attorney is appointed shall contain the names of qualified attorneys, each of whom:

(1)   applies to be included on the list;

(2)   meets the objective qualifications specified by the judges under Subsection (e);

(3)   meets any applicable qualifications specified by the Texas Indigent Defense Commission; and

(4)   is approved by a majority of the judges who established the appointment list under Subsection (e).

*Id.* § 26.04 (b), (d).

The TFDA instituted a mechanism for establishing a public appointment list. The statute does not address what happens in the event a lawyer is appointed to represent a defendant in a misdemeanor or felony case when the lawyer's name is not included on the public appointment list. Appellant has not cited any TFDA case authority to support any of his propositions.

11

The question in this case is whether the absence of trial counsel's name from the public appointment list caused appellant a complete denial of the right to counsel. *See Cantu v. State*, 930 S.W.2d 594, 596 (Tex. Crim. App. 1996) (en banc) (*citing Strickland*, 466 U.S. at 692 (where a defendant suffers the "actual or constructive denial of counsel altogether" then prejudice is presumed). In this regard, we are not prepared to hold that representation by a person whose name does not appear on the list, for whatever reason, would be a *per se* violation of the TFDA or the right to counsel under the 6th Amendment. We decline appellant's invitation to abandon *Strickland* and to create a new category of fundamental error when a lawyer's name does not appear on a public appointment list.

Appellant's reliance on *Cantu v. State* is misplaced. In *Cantu*, the court of appeals held that the defendant's counsel's suspension from the practice of law before trial constituted a *per se* violation of the right to counsel. *Id.* at 595. The Texas Court of Criminal Appeals opined that "a suspended or disbarred attorney is incompetent as a matter of law if the reasons for the discipline imposed reflect so poorly upon the attorney's competence that it may be reasonably inferred that the attorney was incompetent to represent the defendant in the proceeding in question." *Id.* at 602. The court thereafter held, however, that because the suspension in that particular case did not relate to the trial attorney's performance in the courtroom, the suspension did not render counsel incompetent as a matter of law, and did not cause the defendant a complete denial of the right to counsel. *Id.* at 603. The Texas Court of Criminal Appeals remanded the case to the court of appeals to address the defendant's ineffective assistance claim under *Strickland. Id.* at 603.

12

Although appellant likens his representation in this case to being represented by an unlicensed layman, we reject this analysis. As noted in *Cantu*, the courts have held that admission to the bar permits a presumption of competence. *See Cantu*, 930 S.W.2d at 600. Moreover, even where the reasons for suspension or disbarment relate to competence to practice law, courts have generally refused to impose a *per se* rule of ineffective assistance as a matter of law. *Id.* at 601.

Appellant's trial counsel, having been licensed to practice law, is presumed to have met the threshold requirements to provide competent legal representation. Whether trial counsel's actual representation in a particular trial is competent is determined by looking to the acts or omissions of counsel established by the record. *See Strickland*, 466 U.S. at 690. As previously noted, appellant has failed to overcome the presumption that trial counsel provided effective assistance with respect to his trial. We overrule appellant's second issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of February, 2015.

13