**Opinion issued October 10, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-12-00597-CR**
**NO. 01-12-00598-CR**
**NO. 01-12-00599-CR**

———————————

**RUSTY LEE MARETT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause Nos. 11CR1744, 11CR1843, 11CR1844**

---

**O P I N I O N**

A Galveston County grand jury indicted Rusty Marett with two counts of aggravated sexual assault and one count of indecency with a child, each enhanced by a prior conviction for indecency with a child. Marett pleaded not guilty and

proceeded to trial before a jury. After hearing the evidence, the jury found Marett guilty on all charges. Marett pleaded true to the enhancement paragraph, and the trial court assessed his punishment at three life sentences, to run concurrently. Marett challenges the trial court's denial of his motion to testify in his own defense free from impeachment. We conclude that Marett failed to preserve his complaint for appeal, and we therefore affirm.

### Background

In June 2012, in a routine search for unregistered sex offenders, Galveston County sex offender compliance officer Paula Welch found Rusty Marett at his brother's house in Texas City. She arrested him for failure to register as a sex offender. Word of Marett's arrest spread quickly among his neighbors, and over the next two days, three young girls accused him of molesting them at the house he shared with his mother, Dora Hardin.

After an investigation, the State charged Marett with two counts of aggravated sexual assault and one count of indecency with a child, enhanced by a prior conviction for indecency with a child. At a pre-trial hearing, Marett moved to testify free from impeachment examination about his prior convictions for indecency with a child and failure to register as a sex offender. The court granted his motion as to the indecency conviction, but denied it as to the failure to register conviction. In light of the trial court's ruling, Marett declined to testify.

The jury returned a verdict of guilty, and the court assessed punishment at three life sentences.

**Discussion**

In his sole issue on appeal, Marett contends that the trial court erred by denying his motion to testify free from impeachment examination about his prior conviction for failure to register as a sex offender (his "*Theus* motion"). Evidence of a witness's prior conviction may be admitted for purposes of impeachment if the crime was a felony or a crime of moral turpitude, and the court determines that the probative value of admitting the evidence of the conviction outweighs its prejudicial effect. TEX. R. EVID. 609(a). The Texas Court of Criminal Appeals has set out a non-exclusive list of factors courts should use to weigh the probative value of a conviction against its prejudicial effect. *See Theus v. State*, 845 S.W.2d 874 (Tex. Crim. App. 1992). Such factors include (1) the impeachment value of the prior crime, (2) the temporal proximity of the past crime relative to the charged offense and the witness's subsequent criminal history, (3) the similarity between the past crime and the charged offense, (4) the importance of the witness's testimony, and (5) the importance of the witness's credibility. *Id.* Marett contends that, according to the *Theus* factors, the prejudicial effect of his prior conviction for failing to register as a sex offender outweighed its probative value for impeachment, and thus, that the trial court denied his *Theus* motion in error.

3

To preserve for review a claim of improper impeachment with a prior conviction, the defendant must testify. *Jackson v. State*, 992 S.W.2d 469, 479–80 (Tex. Crim. App. 1999) (following *Luce v. United States*, 469 U.S. 38, 105 S. Ct. 460 (1984)). In *Jackson*, the Court of Criminal Appeals adopted the United States Supreme Court's reasoning in *Luce v. United States*, in which the Court required the defendant to testify. *Id.* Otherwise, the Court reasoned that an appellate court "would [be] required to engage in the difficult task of speculating about (1) the precise nature of the defendant's testimony, (2) whether the trial court's ruling would have remained the same or would have changed as the case unfolded, (3) whether the government would have sought to impeach the defendant with the prior conviction, (4) whether the accused would have testified in any event, and (5) whether any resulting error in permitting impeachment would have been harmless." *Id.* To avoid such difficulties, the Supreme Court held that error was preserved only if the defendant actually testified. *Luce*, 469 U.S. at 43, 105 S. Ct at 464.

Marett responds that he supplied the trial court with an offer of proof by way of a bill of exception, in which he denied the charges against him. A bill of exception, however, will not preserve for appeal the trial court's erroneous denial of his *Theus* motion in this instance. In *Luce*, the Supreme Court anticipated that a defendant who wished to preserve error but who was unwilling to suffer

4

impeachment with a prior conviction might proffer a statement for the record on appeal. *Luce*, 469 U.S. at 41, 105 S. Ct. at 463. The Court held that such a proffer was not sufficient. *Id.* at 41–42, 105 S. Ct. at 463–64. Because any trial court ruling on a motion to testify without impeachment "is subject to change when the case unfolds," any possible harm arising from such testimony is speculative. *Id.* Without knowing the testimony presented before the jury or the trial court's ruling in light of that testimony, an appellate court cannot determine whether such error is reversible. *Id.*

Because it is impossible to conduct a harm analysis if the defendant has not testified, and a rule of automatic reversal would encourage abuse, a defendant must testify subject to cross-examination and possible impeachment to preserve error on appeal. As *Luce* explains, "[r]equiring that a defendant testify in order to preserve Rule 609(a) claims will enable the reviewing court to determine the impact any erroneous impeachment may have had in light of the record as a whole; it will also tend to discourage making such motions solely to 'plant' reversible error in the event of conviction." *Id.* at 42, 105 S. Ct. at 464.

Marett did not testify; thus, it is impossible to determine whether the probative value of his testimony would have exceeded its prejudicial effect. *See Jackson*, 992 S.W.2d at 479–80; *Luce*, 469 U.S. at 463–64, 105 S. Ct. at 41–43. In

accord with *Jackson* and *Luce*, we do not consider Marett's challenge to the trial court's denial of his *Theus* motion.

## Conclusion

We hold that Marett failed to preserve for appellate review his objection to the admissibility of his prior conviction as impeachment evidence. We therefore affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.