No: **1207-15**

IN THE COURT OF CRIMINAL
APPEALS OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 16 2015

Abel Acosta, Clerk

ORIGINAL

§ ERNESTO LAFRIENZA §
PETITIONER

V.

§ THE STATE OF TEXAS §

§ PETITION FOR DISCRETIONARY REVIEW §

FILED IN
COURT OF CRIMINAL APPEALS

NOV 18 2015

Abel Acosta, Clerk

ERNESTO LAFRIENZA
#1854911
§ BILL CLEMENTS UNIT §
9601 Spur 591
79107-9606

§ PETITIONER PRO-SE §

# ⌁ INDEX ⌁

LIST OF AUTHORITIES     Pg I

STATEMENT OF THE CASE     pg. 1

STATEMENT OF PROCEDURAL HISTORY     pg. 1

GROUNDS FOR REVIEW     pg. 2

REASONS FOR REVIEW     pg. 2

REASON NUMBER (1) -     Pg. 2
DENYING APPELLANTS REQUEST FOR A LESSER INCLUDED OFFENSE OF MISDEMEANOR THEFT IN THE JURY CHARGE.

PRAYER FOR RELIEF     Pg. 5

STATEMENT REGARDING MULTIPLE COPIES OF PETITION Pg. 6

CERTIFICATE OF SERVICE     Pg. 6

# LIST OF AUTHORITIES

## CASES

COOPER V STATE 29 S.W 3d 901     Page 3

GUZMAN V STATE 188 S.W 3d 188-89     Page 4

JOHNSON V STATE 271 S.W 3d 359     Page 4

JACKSON V VIRGINIA 443 U.S 307 99 S.CT 2781 Page 5

MOODY V STATE 827 S.W 2d 875, 892     Page 3

McGEE V STATE 774 S.W 2d 229,234     Page 3

ROUSSEAU V STATE 855 S.W 2d 849     Page 2

SWEED V STATE 351 S.W 3d 63,66     Page 5

THOMAS V STATE 699 S.W 2d 849     Page 4

## RULES

TEX. PENAL CODE 9.31,32,33     Page 3

TEX. PENAL CODE 31.03 (a)     Page 4

TEX. PENAL CODE 29.02 (a)(2)     Page 4

TEX. PENAL CODE 29.03 (a)(2)     Page 4

TEX PENAL CODE 29.01 (1)     Page 5

V.T.C.A PENAL CODE 2.04 (b)     Page 4

(I)

No.

# COURT OF CRIMINAL APPEALS OF TEXAS

ERNESTO LAFRIENZA
PETITIONER

V

THE STATE OF TEXAS

PETITION IN CAUSE No. 20120D03040 FROM THE, 34th JUDICIAL DISTRICT OF EL PASO COUNTY, TEXAS AND, THE COURT OF APPEALS EIGHTH DISTRICT OF TEXAS EL PASO, TEXAS

TO THE HONORABLE JUDGES,
OF THE TEXAS COURT OF CRIMINAL APPEALS:
ERNESTO LAFRIENZA, PETITIONS THE COURT TO REVIEW THE JUDGEMENT AFFIRMING HIS CONVICTION FOR COUNT I-II-AGGRAVATED ROBBERY, CAUSE No. 20120D03040.

## STATEMENT OF THE CASE

PETITIONER, WAS CONVICTED BY A JURY OF THE OFFENSE OF AGGRAVATED ROBBERY AFTER A PLEA OF "NOT GUILTY". THE PUNISHMENT WAS ASSESSED BY THE JURY OF 50 YEARS IN THE TEXAS DEPARTMENT OF CORRECTIONS, AND A FINE OF $5,000 AS TO EACH COUNT. THIS CONVICTION WAS AFFIRMED BY THE COURT OF APPEALS FOR EIGHTH DISTRICT ON August, 21, 2015.

## STATEMENT OF PROCEDURAL HISTORY

APPLICANT, WAS INDICTED FOR THE OFFENSE OF AGGRAVATED ROBBERY, ON JUNE 26, 2012 IN EL PASO COUNTY, TEXAS. APPLICANT WAS TRIED, AND SENTENCED BY A JURY IN THE 34th DISTRICT COURT OF EL PASO COUNTY, TEXAS. JUDGEMENT WAS ENTERED ON, APRIL 18, 2013. THE EIGHTH DISTRICT OF TEXAS COURT OF APPEALS, AFFIRMED THE JUDGEMENT, OF THE TRIAL COURT ON AUGUST 21, 2015. APPLICANT NOW PRESENTS THIS PETITION FOR DISCRETIONARY REVIEW WITH THIS HONORABLE COURT.

(1)

# ∽ GROUND FOR REVIEW ∽

## GROUND ONE:

COURT OF APPEALS EIGTH DISTRICT ERRED IN HOLDING THAT APPELLANT WAS NOT ENTITLED TO HAVE AN INSTRUCTION FOR THE LESSER-OFFENSE OF MISDEMEANOR THEFT IN THE JURY CHARGE.

## ∽ REASON FOR REVIEW ∽

THE APPELLANT GROUND OF REVIEW IS TO ASK THIS HONORABLE COURT, TO REVIEW APPELLANT GROUND OF ERRED, THAT THE DEFENDANT WAS ENTITLED TO A JURY INSTRUCTION ON A LESSER-INCLUDED OFFENSE. BEING THAT SINCE THE FACTS OF THE CASE AND, EVIDENCE SUBMITTED TO THE JURY, BELIEVES THERE IS EVIDENCE, DIRECTLY GERMANE TO THE LESSER INCLUDED OFFENSE. SINCE THE OFFENSE OF, THEFT WAS COMPLETED WHEN, HE LEFT THE PERFUME STORE. THEN, WITHIN 15 MINUTES, AWAY FROM THE PERFUME STORE OCURRED AN ASSAULT WITH A PAIR OF SCISSORS.

## ∽ APPELLANT'S ARGUMENT ∽

THE, APPELLANT WAS INDICTED ON TWO COUNTS OF AGGRAVATED ROBBERY. AT THE CLOSE OF THE CASE, THE APPELLANT ASKED FOR, AND THE TRIAL COURT DENIED THE APPELLANT'S REQUEST FOR THE INSTRUCTION OF THE LESSER-INCLUDED OFFENSE OF THEFT. THE APPELLANT NOW APPEALS THIS DENIAL ON THE GROUNDS THAT THERE EXISTED MORE THAN A SCINTILLA OF EVIDENCE WICH WAS SUFFICIENT TO ENTITLE A DEFENDANT TO A LESSER CHARGE IN THE JURY INSTRUCTION. IT IS THE JURY'S ROLE, NOT THE COURTS TO DETERMINE A CHARGE IN THE JURY'S INSTRUCTION OF A LESSER-INCLUDED OFFENSE. SEE ROUSSEAU V STATE S.W 2d 849. APPELLANT MAINTAINS THAT THERE WAS SOME EVIDENCE, THAT ONLY THE LESSER-INCLUDED OFFENSE OF THEFT WAS COMMITTED AND COMPLETED, WHEN HE LEFT THE PERFUME STORE, AND THE ASSAULTS WITH SCISSORS WAS INDEPENDENT FROM THE THEFT. THE 15 minutes AND THE INTERVENING ACTIVITIES, AS APPELLANT HANDING THE BAG WITH PERFUMES, AND THE ACT OF WALKING TO A BURGER KING RESTAURANT, COULD RATIONALLY BE INTERPRETED AS EVIDENCE THAT HE WAS NO LONGER FLEEING FROM THEFT. Some Time Later, APPELLANT EMERGED FROM THE BURGER KING RESTAURANT, AND STARTED TO YELL AT MR. MARQUEZ, AS WELL AS RUN TOWARDS HIM, THAT IS WHEN COMPLAINANT MARQUEZ LAID DOWN THE BICYCLE AS APPELLANT CAME CHARGING AT HIM. Complainant COUNT I VICTOR

(2)

Rosales was a few meters in pursuit of Appellant. Appellant turned towards Count I complainant Victor Rosales with a pair of scissors to defend him self from the apperant danger of Mr. Rosales. After the altercation with Mr. Rosales, Appellant turned back to Count II complainant Brandon Marquez. By that time Mr. Marquez had already abandoned the bicycle, and fleeing. It was not until Mr. Marquez abandoned the bicycle, did Appellant seize the bicycle, and begin chasing Mr. Marquez. The Appellant argues that the facts presented lend to the Appellants argument, that the initial theft was complete. Mr. Marquez observed Appellant hand the bag with perfumes to his girlfriend. In that instant Appellant did not have in his possession the stolen property, in order to obtain or maintain control of the property, or immediate flight of the commission of theft. As such the state must prove a "NEXUS" between the assaults, and the theft, that is that the assault occurred in order to facilitate the taking of property Moody v State 827 s.w 2d 875, 892. In order to determine wether the assault of the victims took place in the course of committing the theft. (Quoting) from Cooper 29 s.w 3d 901. Unfortunately a close reading of case law regarding "NEXUS evidence" indicates that many cases are proven by vague inferences from the evidence as a whole rather than by direct, or solid circumstancial evidence. Texas court of criminal Appeals seemed, to set out a Bright line when presented with such an issue, as we have before us. That rule, was essentially stated, as evidence will be sufficient to prove that either before, or at the time of the assault the accused, had already formed the intent to take his victim property if the state proves that the theft occurred "immediatly" after the assault McGee v state 774 s.w 2d 229, 234. To support conviction for aggravated robbery, the point at wich an accused developed the requisite intention to committ the theft is critical for the evidence must show that he intended to take victims property before, or as he assaulted the victim; proof that the taking was an afterthought fails to satisfy criteria. The trial court granted the self-defense instruction to count I complaint Victor Rosales, but citing from Tex. Penal Code Ann. 9.31, 32, 33.

A person is justified in using force or deadly force against

(3)

ANOTHER TO PROTECT A THIRD PERSON IF (1) UNDER THE CIRCUMSTANCES AS THE ACTOR REASONABLY BELIEVES THEM TO BE, THE ACTOR WOULD BE JUSTIFIED UNDER SECTION 9.31 OR SECTION 9.32 IN USING FORCE OR DEADLY FORCE TO PROTECT HIMSELF AGAINST THE UNLAWFUL FORCE OR UNLAWFUL DEADLY FORCE HE REASONABLY BELIEVES TO BE THREATING THE THIRD PERSON HE SEEKS TO PROTECT and (2) THE ACTOR REASONABLY BELIEVES THAT HIS INTERVENTION IS IMMEDIATELY NECESSARY TO PROTECT THE THIRD PERSON Id 9.33. THEREFORE, THE TRIAL COURT PROPERLY INSTRUCTED THE JURY ON Appellants ISSUE OF SELF-DEFENSE and DEFENSE OF A THIRD PERSON. ENOUGH EVIDENCE SUPPORTED SELF-DEFENSE ISSUE ON COUNT I VICTOR ROSALES. IN General A PERSON HAS THE RIGHT TO DEFEND HIMSELF FROM "APPARENT DANGER" TO THE SAME EXTENT AS HE WOULD IF THE DANGER WERE REAL. JOHNSON V STATE 271 S.W 3d 359. IN RESOLVING ISSUE OF SUFFIENCY OF EVIDENCE WHERE SELF DEFENSE WAS RAISED. Reviewing COURT SHOULD NOT LOOK TO WHETHER STATE PRESENTED EVIDENCE THAT REFUTED DEFENDANTS SELF-DEFENSE TESTIMONY BUT RATHER SHOULD DETERMINE WETHER, AFTER VIEWING ALL EVIDENCE IN LIGHT MOST FAVORABLE TO PROSECUTION ANY RATIONAL TRIER OF FACT WOULD HAVE FOUND ESSENTIAL ELEMENTS OF OFFENSE BEYOND REASONABLE DOUBT AND, Also WOULD HAVE FOUND AGAINST DEFENDANT ON SELF-Defense ISSUE BEYOND REASONABLE DOUBT V.T.C.A PENAL CODE 2.04 (B)

AS LONG AS EVIDENCE FROM ANY SOURCE RAISES A "DEFENSIVE ISSUE OR RAISES AN ISSUE THAT A LESSER-INCLUDED OFFENSE MAY HAVE BEEN COMMITTED, AND A JURY CHARGE ON THE ISSUE IS PROPERLY Requested THE ISSUE MUST BE SUBMITTED TO THE JURY. THOMAS V STATE 699 S.W 2d 849 ANY THING MORE THAN A SCINTILLA OF EVIDENCE IS SUFFICIENT TO ENTITLE A DEFENDANT TO A LESSER CHARGE GUZMAN V STATE 188 S.W 3d 188-89. A PERSON COMMITTS THEFT IF HE UNLAWFULLY APPROPRIATES PROPERTY WITH INTENT TO DEPRIVE THE OWNER OF PROPERTY TEX PENAL CODE 31.03 (a) A PERSON COMMITTS Robbery IF IN THE COURSE OF COMMITTING THEFT, AND WITH INTENT TO OBTAIN OR MAINTAIN CONTROL OF PROPERTY HE INTENTIONALLY OR KNOWINGLY THREATENS OR PLACES ANOTHER IN FEAR OF IMMINENT Bodily INJURY or DEATH. TEX PENAL CODE ANN 29.02 (a) (2). THE STATE MUST PROVE ROBBERY PLUS AN AGGRAVATING FACTOR SUCH AS THE Defendant "USES OR EXHIBITS A Deadly WEAPON TEX PENAL CODE ANN 29.03 (a) (2). THE ROBBERY ELEMENT OF IN THE COURSE OF COMMITTING THEFT IS DEFINED AS CONDUCT THAT OCCURS IN AN ATTEMPT TO COMMIT DURING THE COMMISSION OR IN IMMEDIATE

(4)

FLIGHT AFTER THE ATTEMPT, OR COMMISSION OF THEFT. TEX PENAL CODE ANN 29.01(1) "IMMEDIATE FLIGHT" IS NOT DEFINED IN THE PENAL CODE BUT BLACK LAW DICTIONARY DEFINES "IMMEDIATE" AS "OCURRING WITHOUT "DELAY INSTANT" NOT "SEPARATED" BY "OTHER PERSONS OR THINGS" OR "HAVING A DIRECT IMPACT WITHOUT AN INTERVENING AGENCY". BLACK LAW DICTIONARY 751 (7TH EDITION 1999) SWEED V STATE 351 S.W 3d 63, 66

IN DETERMINING WETHER LEGALLY SUFFICIENT EVIDENCE IS CONTAINED IN AN APPELLATE RECORD TO SUPPORT A CONVICTION, THE REVIEWING COURT MUST DETERMINE WETHER, AFTER REVIEWING ALL OF THE EVIDENCE IN THE LIGHT MOST FAVORABLE TO THE VERDICT, ANY RATIONAL TRIER OF FACT COULD HAVE FOUND ALL OF THE ELEMENTS PROVEN BEYOND A REASONABLE DOUBT. JACKSON Vs VIRGINIA 443 U.S 307 99 S.CT 2781

## ∽ PRAYER FOR RELIEF ∽

APPELLANT, ASK THAT THIS HONORABLE COURT GRANT REVIEW, AND AFTER A FULL BRIEFING, ON THE MERITS ISSUE AN OPINION RESOLVING THE CONFLICT, BETWEEN, THE COURT OF APPEALS, INTREPRETATION, OF, AND THE STANDARD THIS COURT SET OUT FOR DETERMING THE ISSUE IN THERE SHOULD HAVE BEEN, AN LESSER OFFENSE JURY, INSTRUCTION. SHOULD THIS HONORABLE COURT FIND APPELLANTS ARGUMENT TO BE CORRECT STANDARD, ASKS THIS COURT TO REMAND TO EIGHTH COURT OF APPEALS, EL PASO TEXAS TO AS:
B) TO ADDRESS APPELLANTS EGREGIOUS HARM, ANALYSIS, UNDER THE SUPREME COURT RULING IN SULLIVAN STANDARD.

(5)

## ∽ STATEMENT REGARDING MULTIPLE Copies OF PETITION

Applicant, WAS Appointed Counsel, To REpresent Him, During THE Appeal. Applicant is INDiGENT, AND DOES NOT HAVE ACCESS TO A Copy MacHine. THEREFORE, Applicant is NOT ABLE TO PRIVE THis COURT WiTH Multiple Copies OF THis PETiTiON, OR WiTH A Copy OF THE Appellate Court's Opinion.

## ∽ CERTiFiCATE OF SERVICE ∽

THis is to CERTiFY tHaT THE ABOVE - ENTiTLED, AND NUMBERED PETiTiON FOR DiscRETiONARY REVIEW, HAS BEEN SERVED TO THE El PASO COUNTY DistRICT ATTORNEY OFFiCE, AND THE STATE PROSECUTiNG ATTORNEY, By DeLivery OF A TRUE Copy TO THEM BY U.S. MAiL, By DEPOSiTiNG SAME, POSTAGE PRE-PAiD, iN AN OFFicial DEPOSiTORY UNDER THE CARE AND CUSTODY OF THE U.S. POSTAL Service ON THE 11th DAY OF NOVEMBER, 15. IN AN ENVELOPE PROPERLY Addressed STATE PROSECUTiNG ATTORNEY, P.O. Box 12405 AUSTiN TEXAS 78711.

RESPECTFULLY, SUBMiTTED;

*Ernesto LaFrienza*

ERNESTO LAFRiENZA #1854911
PETiTIONER PRO-SE
Bill Clements UNiT
9601 Spur 591
AMARiLLO, TEXAS
79107-9606

(6)



# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS

**CHIEF JUSTICE**
Ann Crawford McClure

**JUSTICES**
Yvonne T. Rodriguez
Steven L. Hughes

EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO AVE., SUITE 1203
EL PASO, TEXAS 79901-2408
(915) 546-2240   FAX (915) 546-2252
E-MAIL: CLERK@8THCOA.TXCOURTS.GOV

**CLERK**
Denise Pacheco

Friday, August 21, 2015

Hon. Jaime E. Esparza
District Attorney
El Paso County Courthouse
500 E. San Antonio, Suite 201
El Paso, TX 79901
* DELIVERED VIA E-MAIL *

Hon. Louis Elias Lopez
Attorney at Law
416 N. Stanton St., Ste. 400
El Paso, TX 79901
* DELIVERED VIA E-MAIL *

RE:    Court of Appeals Number:   08-13-00121-CR
       Trial Court Case Number:   20120D03040

Style: Ernesto LaFrienza
       v.
       The State of Texas

The Honorable Court of Appeals today rendered judgment modifying/reforming and affirming the judgment of the court below, in accordance with the opinion of this Court.

A copy of the opinion and judgment has been mailed to the attorney of record for each party.

Respectfully yours,

DENISE PACHECO, CLERK

*Denise Pacheco*

cc:    The Honorable William E. Moody
       Norma L. Favela



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ERNESTO LAFRIENZA, | § | No. 08-13-00121-CR |
| Appellant, | § | |
| | § | Appeal from the |
| V. | § | 34th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee | § | (TC# 20120D03040) |

## JUDGMENT

The Court has considered this cause on the record and concludes the judgment of conviction should be reformed to reflect: (1) the use of a deadly weapon as to each count; (2) the jury assessed fifty years' and a fine of $5,000.00 as to each count; (3) that the trial court pronounced Counts I and II are to run concurrent; (4) that Appellant pled not guilty as to each count; (5) that Appellant pled not true to the two alleged prior felony convictions as to each count; and (6) that the jury found true to Appellant's two prior felony convictions as to each count. We therefore affirm the judgment of the trial court as reformed. This decision shall be certified below for observance.

IT IS SO ORDERED THIS 21ST DAY OF AUGUST, 2015.

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.



| | | |
|---|---|---|
| ERNESTO LAFRIENZA, | § | No. 08-13-00121-CR |
| Appellant, | § | |
| | § | Appeal from the |
| V. | § | |
| | § | 34th District Court |
| THE STATE OF TEXAS, | § | |
| | § | of El Paso County, Texas |
| Appellee | § | (TC# 20120D03040) |

## OPINION

Appellant Ernesto Lafrienza, after a jury trial, was found guilty of two counts of aggravated robbery enhanced by one prior felony. A notice of habitualization was filed February 2013 listing Appellant's two prior felony convictions pursuant to Section 12.42. TEX.PENAL CODE ANN. § 12.42(c)(1)(West Supp. 2014). He was sentenced to fifty years' on each count to the Institutional Division of the Texas Department of Criminal Justice in April 2013.

On appeal, in two issues, Appellant contends the trial court erred by (1) not allowing him to testify free of impeachment of his prior felony convictions; and (2) denying Appellant's request for a lesser include offense of misdemeanor theft in the jury charge. We affirm as reformed.

## FACTUAL HISTORY

On May 31, 2012, Appellant was observed placing ten perfume bottles in his bag at a perfume store, Express Perfume, on Father Rahm Street, in downtown El Paso. After placing the

perfume bottles in his bag, he left without paying for them. A witness called Chavez, the employee on duty at Express Perfume, around 3:00 p.m. to tell her what she had seen. Chavez called complainant Victor Rosales (Count I) and complainant Brandon Marquez (Count II) stating she had been robbed and gave them both a description of Appellant.

Marquez, riding a bike, and Rosales, on foot, went to look for Appellant with two walkie-talkies. Marquez identified Appellant in court as the individual he went looking for. Marquez wanted to recover the stolen perfume. Marquez saw Appellant with the bag of perfume bottles walking with a female. Marquez followed Appellant and observed Appellant hand the bag with perfumes to the female while Appellant walked to a Burger King restaurant. After Appellant veered off toward the Burger King, the female continued walking on. Marquez, communicating with the walkie-talkie, told Rosales to observe Appellant while he followed the female.

Marquez approached the female and asked her to return the merchandise to him. The female responded by striking Marquez with the bag of perfume bottles. After Marquez was hit with the bag, it ripped and the perfume fell to the ground. Marquez heard a scream, saw the Appellant yelling and running towards him. Marquez laid the bike down as Appellant came charging at him. Rosales was a few meters behind Appellant.

Appellant went towards Rosales with a pair of scissors attempting to stab Rosales. After Rosales ran away, Appellant turned to Marquez. Marquez ran away but saw Appellant grab the bike Marquez had left behind, with scissors in hand and begin to follow Marquez on the bike. Marquez ran to a vehicle in the Burger King drive-thru and asked the driver, Quezada, if he would call the police. Quezada testified Marquez approached his vehicle around 3:15 p.m. Quezada called the police.

2

Appellant was subsequently located and arrested. Marquez positively identified Appellant for the police. Marquez observed the police retrieve the pair of scissors from Appellant's back pocket.

Rosales testified that Appellant attempted to stab him and Marquez with the scissors. Rosales also called the police and gave them a description of Appellant. Rosales accompanied officers as they searched for the Appellant, and pointed Appellant out when they found him. Subsequent to Appellant's arrest, he told officers he could give the bike back if they would drop the charges against him.

## PROCEDURAL HISTORY

After the State rested, the trial court held a hearing on Appellant's pretrial "Motion to Testify Free from Impeachment from Prior Convictions." In the motion, Appellant requested the trial court conduct a balancing test pursuant to Rule 609 of the Texas Rules of Evidence and *Theus v. State* to determine which, if any, of Appellant's prior convictions were admissible for impeachment purposes. *Theus v. State*, 845 S.W.2d 874 (Tex.Crim.App. 1992). Appellant argued in his motion that "[t]he prior convictions would so inflame the minds of the jurors that any value with reference to impeachment (these offenses having no particular correlation with truth-telling) would be outweighed by its prejudicial impact." Further, Appellant posited that "[t]o require that the jury hear the nature of Defendant's prior record as a condition of his testimony would have a chilling effect on his right to a fair trial under both the Texas and U.S. Constitutions."[1] The motion lists the five *Theus* factors and urges the trial court to consider them

---

[1] The specific provisions of the United States Constitution upon which Appellant bases his argument are not delineated in his motion. However, based on his argument and the authorities relied on, Appellant's request appears to be grounded in the right to present a defense which is articulated in the Sixth Amendment of the United States Constitution, that is applicable to the states by the 14th Amendment of the United States Constitution.

3

prior to allowing impeachment of a witness with prior convictions.

Defense counsel argued the Appellant was defending himself and his girlfriend from the two complainants. Additionally, Appellant's girlfriend could not be located to testify, thus defense counsel explained Appellant's testimony was important in order to receive the requested charge instructions on self-defense and defense of a third person. Defense counsel contended that the impeachment of Appellant with a prior robbery and thefts would be prejudicial. The danger, according to defense counsel, is that the jury would "unfairly use that against him in order to convict him[.]" The State countered Appellant's prior convictions were crimes of moral turpitude and probative of any testimony he offered. The trial court recited on the record that he had weighed the *Theus* factors and Appellant's motion was denied. Appellant stated in the record that he elected not to testify even though he had been advised he had the right to testify.

Appellant filed four requests for jury charge instructions, a self-defense instruction to each count and a defense of a third person to each count. After extensive discussion between the trial court, the State and defense counsel, the trial court only granted the self-defense instruction to Count I, complainant Victor Rosales, but not Count II, complainant Brandon Marquez. The trial court stated the evidence was insufficient to raise the issue of defense of a third person. At the charge conference, Appellant also requested an instruction of the a lesser included offense, theft, in the jury charge. The trial court denied the request.

## Discussion

On appeal, in his first issue, Appellant complains that the trial court denied Appellant's request to testify free from impeachment of his prior convictions. Therefore, Appellant declined to testify which precluded him from receiving the requested defensive instructions in the jury

4

charge because of the lack of evidence to support the inclusion of the requested defensive instructions. In Appellant's second issue, he complains of the trial court's denial of his requested jury instruction of theft.[2]

The State responds that Appellant's first issue is a claim of improper impeachment. The State contends that as a result of Appellant's failure to testify, his improper impeachment claim has not been preserved for appellate review and is waived. As to Appellant's second issue, the State counters that the evidence failed to show the Appellant was entitled to the instruction of the lesser-included offense of theft. We agree.

## Standard of Review

The decision to admit or exclude evidence is a matter within the trial court's sound discretion. *See Coffin v. State*, 885 S.W.2d 140, 149 (Tex.Crim.App. 1994); *Dillard v. State*, 931 S.W.2d 689, 698 (Tex.App.--Dallas 1996, pet ref'd, untimely filed). "[A] trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse-of-discretion standard." *Devoe v. State*, 354 S.W.3d 457, 469 (Tex.Crim.App. 2011); *Theus,* 845 S.W.2d at 881. A trial court abuses its discretion if it acts without reference to guiding rules and principles, or acts arbitrarily and unreasonably. *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex.Crim.App. 1990)(op. on reh'g). We may not disturb the trial court's ruling if it is within the zone of reasonable disagreement. *Schmidt v. State*, 373 S.W.3d 856, 862 (Tex.App.--Amarillo 2012, pet. ref'd).

## IMPEACHMENT EVIDENCE

Rule 609(a) of the Texas Rules of Evidence allows impeachment of a witness by admission

---

[2] We note that Appellant did not specify which class of theft he was seeking in the jury instruction, however, on appeal he contends the request was for misdemeanor theft.

of evidence of a prior conviction if the prior conviction was a felony or a crime of moral turpitude and the trial court determines that the probative value outweighs the prejudicial effect. TEX.R.EVID. 609(a). However, Rule 609(b) provides the conviction is not admissible if more than ten years has elapsed since the date of the conviction unless the trial court determines, in the interests of justice, the probative value of the conviction supported by specific facts and circumstances substantially outweighs the prejudicial effect. TEX.R.EVID. 609(b).

In *Theus,* the Court of Criminal Appeals instructed courts, in determining whether the probative value of the evidence outweighs the prejudicial effect, to look to the following factors: (1) the impeachment value of the prior crime; (2) the temporal proximity of the past crime relative to the charged offense and the witness's subsequent history; (3) the similarity between the past crime and the offense being prosecuted; (4) the importance of the defendant's testimony; and (5) the importance of the credibility issue. *Theus,* 845 S.W.2d at 880; *Huerta v. State,* 359 S.W.3d 887, 892 (Tex.App.--Houston [14th Dist.] 2012, no pet.).

## Preservation of Error

A trial court's ruling on a motion to testify free from impeachment is a ruling *in limine. See Luce v. United States,* 469 U.S. 38, 40 n.2, 105 S.Ct. 460, 462 n.2, 83 L.Ed.2d 443 (1984)(describing an *in limine* motion as "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered"). A trial court's ruling *in limine* is a preliminary ruling only and it preserves nothing for appellate review. *See Geuder v. State,* 115 S.W.3d 11, 14–15 (Tex.Crim.App. 2003). Courts have consistently held that the defendant must testify to preserve any complaint that the trial court erroneously admitted evidence of a prior conviction. *See Luce,* 469 U.S. at 43, 105 S.Ct. at 464; *Jackson v. State,* 992

6

S.W.2d 469, 479–80 (Tex.Crim.App. 1999). Without the defendant's testimony, a reviewing court would be forced to speculate about (1) the precise nature of the defendant's testimony, (2) whether the trial court's ruling would have remained the same or would have changed as the case unfolded, (3) whether the State would have sought to impeach the defendant with the prior conviction, (4) whether the defendant would have testified in any event, and (5) whether any resulting error in permitting the impeachment evidence would have been harmless. *See Jackson*, 992 S.W.2d at 479.

Moreover, in *Aguilar*, reviewing this exact point of error on the same motion to testify free of impeachment, we held error had not been preserved because the Appellant had failed to testify. *Aguilar v. State*, No. 08-11-00266-CR, 2013 WL 4624451, at *3 (Tex.App.--El Paso Aug. 28, 2013, no pet.)(not designated for pubublication). Other courts of appeals have arrived at the same conclusion. *See Morgan v. State*, 891 S.W.2d 733, 735 (Tex.App.--Houston [1st Dist.] 1994, pet. ref'd)("Because appellant chose not to testify, he was never actually impeached with evidence of the prior convictions.")[Internal emphasis omitted]; *Long v. State*, 245 S.W.3d 563, 572 (Tex.App.--Houston [1st Dist.] 2007, no pet.)("To preserve error . . . an appellant must testify, because without the testimony, a harm analysis cannot be conducted."); *Marett v. State*, 415 S.W.3d 514, 516 (Tex.App.--Houston [1st Dist.] 2013, no pet.)("[A] defendant must testify subject to cross-examination and possible impeachment to preserve error on appeal."); *Warbington v. State*, 730 S.E.2d 90, 91-94 (Ga.Ct.App. 2012)(trial court ruled defendant could be impeached with prior convictions, defendant declined to testify and thereby did not preserve any error for review); *Hector v. State*, No 14-05-00379-CR, 2006 WL 1140865, at *3 (Tex.App.--Houston [14th Dist.] May 2, 2006, no pet.)(not designated for pubublication)

("[A]ppellant has failed to preserve this issue for appellate review. A defendant must testify in order to be impeached with prior convictions.").

Appellant did not testify and has not preserved any error for our review. Issue One is overruled.

## LESSER-INCLUDED OFFENSE

Whether a defendant is entitled to a jury instruction on a lesser-included offense is subject to a two-pronged test: (1) the lesser-included offense must be included within the proof necessary to establish the offense charged; and (2) some evidence must exist in the record that would permit a jury rationally to find that if defendant is guilty, he is guilty only of the lesser offense. *Wortham v. State,* 412 S.W.3d 552, 554 (Tex.Crim.App. 2013); *Goad v. State,* 354 S.W.3d 443, 446 (Tex.Crim.App. 2011)(citing *Rice v. State,* 333 S.W.3d 140, 144 (Tex.Crim.App. 2011)); *Hall v. State,* 225 S.W.3d 524, 535 (Tex.Crim.App. 2007); *Rousseau v. State,* 855 S.W.2d 666, 672 (Tex.Crim.App. 1993).

The first prong in the analysis is a question of law. *Hall,* 225 S.W.3d at 535. The Texas Code of Criminal Procedure provides that an offense is a lesser-included if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX.CODE CRIM.PROC.ANN. art. 37.09(1)(West 2006). Once the first threshold prong of the lesser-included offense test has been satisfied, we must consider whether evidence exists in the record that would permit a jury rationally to find that appellant was guilty of only misdemeanor theft and not robbery. *See Sweed v. State,* 351 S.W.3d 63, 68 (Tex.Crim.App. 2011). To that point, "there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Id.* at 68

8

(quoting *Skinner v. State,* 956 S.W.2d 532, 543 (Tex.Crim.App. 1997)).

We look to see if there is some evidence in the record that would permit a rational jury to find that, if the defendant is guilty, he is guilty only of the lesser-included offense. *Rice,* 333 S.W.3d at 145. The "appellate court must examine the entire record instead of plucking certain evidence from the record and examining it in a vacuum." *Enriquez v. State,* 21 S.W.3d 277, 278 (Tex.Crim.App. 2000)(citing *Ramos v. State,* 865 S.W.2d 463, 465 (Tex.Crim.App. 1993); *see Wesbrook v. State,* 29 S.W.3d 103, 113–14 (Tex.Crim.App. 2000). "We consider all of the evidence admitted at trial, not just the evidence presented by the defendant." *Goad,* 354 S.W.3d at 446.

"A defendant is entitled to an instruction on a lesser-included offense if some evidence from any source raises a fact issue on whether he is guilty of only the lesser, regardless of whether the evidence is weak, impeached, or contradicted." *Cavazos v. State,* 382 S.W.3d 377, 383 (Tex.Crim.App. 2012)(citing *Bell v. State,* 693 S.W.2d 434, 442 (Tex.Crim.App. 1985). The evidence must establish the lesser-included offense as a valid, rational alternative to the charged offense. *Id.* at 385; *Rice,* 333 S.W.3d at 145. "'[R]egardless of the strength or weakness of the evidence, if the evidence raises the issue that the defendant was guilty only of the lesser offense, then the charge must be given.'" *Cavazos,* 382 S.W.3d at 384–85 (quoting *Saunders v. State,* 840 S.W.2d 390, 391 (Tex.Crim.App. 1992). "[W]e may not consider '[t]he credibility of the evidence and whether it conflicts with other evidence or is controverted.'" *Goad,* 354 S.W.3d. at 446–47 (quoting *Banda v. State,* 890 S.W.2d 42, 60 (Tex.Crim.App. 1994). "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." *Bignall v. State,* 887 S.W.2d 21, 23 (Tex.Crim.App. 1994). Lastly, if the defendant presents evidence that he did not

9

commit the offense or does not present any evidence and there is no evidence raising the issue of the lesser-included offense, a charge on the lesser-included is not required. *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex.Crim.App. 1985).

### Misdemeanor Theft

"An offense is a lesser-included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." *Goad*, 354 S.W.3d at 446. A person commits theft "if he unlawfully appropriates property with intent to deprive the owner of property." TEX.PENAL CODE ANN. § 31.03(a)(West Supp. 2014). Theft of property valued less than $50 is a Class C misdemeanor, between $50 and $500 is a Class B misdemeanor and property valued at least $500 but less than $1,500 is a Class A misdemeanor. TEX.PENAL CODE ANN. §§ 31.03(e)(1)(A); (e)(2)(A); (e)(3). As charged in this case, a person commits robbery "if, *in the course of committing theft* . . . and with intent to obtain or maintain control of the property, he . . . intentionally, knowingly threatens or places another in fear of imminent bodily injury or death." [Emphasis added]. *See* TEX.PENAL CODE ANN. § 29.02(a)(2)(West 2011). "In the course of committing theft" is defined as "conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." *Id.* at § 29.01(1).

Neither party disputes in the present case that misdemeanor theft is a lesser-included offense of robbery. A robbery, by definition, can only be committed "in the course of committing theft . . . ." *Id.* at § 29.02(a). Additionally, the Texas Court of Criminal Appeals has held that when theft is alleged as part of an indictment for robbery, "[t]heft . . . is necessarily included in the alleged elements of the greater offense of robbery . . . ." *Earls v. State*, 707 S.W.2d 82, 84–85

10

(Tex.Crim.App. 1986). In the present case, the indictment stated that appellant, "while *in the course of committing theft* and with the intent to obtain and maintain control of *property*, intentionally and knowingly threaten and place [the victim] in fear of imminent bodily injury and death . . . ." [Emphasis added]. Therefore, the first prong of the lesser-included offense analysis is met with regard to an instruction on misdemeanor theft. *See Bignall*, 887 S.W.2d at 23; *Eldred v. State*, 578 S.W.2d 721, 723 (Tex.Crim.App. 1979).

### *Evidence of Lesser-Included Offense*

We need only consider whether any affirmative evidence exists in the record to suggest that Appellant is guilty only of the lesser-included offense of misdemeanor theft as opposed to robbery. Appellant contends that the shoplifting of the property from the perfume store was independent of the assault and the initial theft was completed prior to the assault with the scissors. He argues that this constitutes a scintilla of evidence to support the inclusion of the lesser-included offense of theft as requested by Appellant.

Appellant did not present any evidence at trial. Therefore, the question becomes whether there is any evidence raising the issue and is it a valid, rational alternative in which Appellant is *only* guilty of theft? As the Court in *Sweed* framed it, is there any evidence that would permit a rational jury to find that Appellant's threat with the scissors to Rosales and Marquez occurred in the course of committing or in immediate flight after committing the theft. *Sweed v. State*, 351 S.W.3d 63, 66 (Tex.Crim.App. 2011). First, we note that Appellant asked for a self-defense instruction as to both counts but the trial court included the instruction only as to Count I. The jury rejected the self-defense argument of Appellant and found him guilty of robbery. At trial, Appellant argued that the scissors were not used to "steal" perfumes but to protect himself from the

11

complainants. Appellant questioned the identification of Appellant as the shoplifter reminding the jury that Marquez was not certain Appellant was the same individual seen taking the perfume. On appeal, Appellant concedes that he committed a theft and subsequently an assault with the scissors.

Theft is essential part of the proof of robbery. Thus, a scintilla of proof of theft will be found in the evidence supporting a judgment of robbery. In *Sweed*, the defendant admitted to the theft at trial, was convicted of aggravated robbery and denied a lesser-included instruction of theft. *Sweed*, 351 S.W.3d at 64, 66, 69. The Court in *Sweed* noted that the appellant took a nail gun to an apartment, reappeared on the street in a change of clothes without the nail gun, walked across a parking lot, spoke with a group of men before walking back to the apartment when the complainant (nail gun owner) was assaulted. *Id.* at 64-65. All of this activity occurred over a period of fifteen to thirty minutes. *Id.* The appellant was subsequently located in the apartment along with the nail gun. *Id.* The *Sweed* Court found that "in the course of committing theft" could not be proven at trial, then the theft and assault were separate events. *Id.* at 69. In *Sweed*, the appellant did not dispute he had committed the theft, thus at trial, the central issue was whether he had pulled a knife on the complaint during or in immediate flight of the commission of theft. *Id.* It was a rational inference that Sweed was no longer fleeing from the theft. *Id.*

Unlike *Sweed*, here we have no intervening events that clearly demarcated the completion of the theft and the assaults. Chavez received the phone call regarding the shoplifting at 3:00 p.m. and Quezada allowed Marquez in his vehicle at 3:15 p.m. The now acknowledged theft and assaults occurred within fifteen minutes.

Appellant did not admit to the theft at trial, but did tacitly admit to the assaults through cross-examination and argument. According to defense counsel, an alternative inference was Appellant was defending his girlfriend, the individual identified as holding the stolen perfume bottles and therefore, the assaults were not committed in the course of the theft or flight, but the defense of a third-person. As *Aguilar* instructs us, Appellant consistently contested the theft at trial, he did not present any evidence as to self-defense or defense of a third person and there is no evidence that Appellant is guilty only of the theft. *Aguilar*, 682 S.W.2d at 558. Thus, Appellant is not entitled to a lesser-included offense.

Given our examination of the entire record, the evidence supports the conclusion the assaults occurred while in immediate flight of the commission of theft and does not raise a fact issue that Appellant is *only* guilty of theft.

The trial court did not err in refusing to grant Appellant's request for a jury instruction on the lesser-included offense of misdemeanor theft. We overrule Issue Two.

### Reformation of Error in the Judgment

The Texas Court of Criminal Appeals has held that when there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex.Crim.App. 2003); *Coffey v. State*, 979 S.W.2d 326, 328 (Tex.Crim.App. 1998). In those cases in which a discrepancy is found, an appellate court is authorized to reform or modify the judgment to conform to the record of the proceedings and to render an appropriate judgment, in accordance with its authority under TEX.R.APP.P. 43.2.(b). *See French v. State*, 830 S.W.2d 607, 609 (Tex.Crim.App. 1992)(appellate court has authority to reform a judgment to include an affirmative finding to make

13

the record speak the truth when the matter has been called to its attention by any source); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex.Crim.App. 1993)(appellate court has the power to modify incorrect judgments when the necessary data and information are available to do so); *Nelson v. State*, 149 S.W.3d 206, 213 (Tex.App.--Fort Worth 2004, no pet.)(appellate court may correct and reform a trial court judgment congruent with the record).

We note the judgment contains several scriveners' errors. First, it fails to reflect that Count I and Count II are to run concurrently as pronounced orally by the trial court. Second, the trial court in accordance with the jury's punishment verdict, assessed Appellant a fifty-year sentence and $5,000.00 fine as to each count. Third, Appellant pled "Not Guilty" to both counts and not "Guilty" as reflected in the judgment. Fourth, the judgment erroneously reflects that the plea and findings to the first and second enhancement/habitualization paragraphs are not applicable. However, the record shows that Appellant entered a plea of not true to the two alleged prior felony convictions. Additionally, the jury's punishment Verdict Form A finds that Appellant "has been twice finally convicted of felony offenses . . . [and] hereby find TRUE to the allegations of both felony convictions and the sequence alleged . . ." is not correctly reflected in the judgment.

Lastly, we note that Count I and II of the indictments contain an affirmative deadly weapon finding, however, the judgment recites "Findings on Deadly Weapon: N/A." The record before us failed to include the trial court's written jury charge and verdict forms for guilt, but was read to the jury. The jury charge as recited by the trial court reiterates both Counts of the indictments and states "by using and exhibiting a deadly weapon, to-wit: scissors, that in the manner of its use and intended use was capable of causing death or serious bodily injury . . . ." The jury's verdict as to

14

Count I and II was pronounced in open court "we, the jury find, the defendant, Ernesto Lafrienza, guilty of aggravated robbery as charged in the indictment."

The trial court may properly enter an affirmative finding of the use of a deadly weapon when: (1) the indictment alleges the use of a "deadly" weapon and the jury's verdict reads "guilty as charged in the indictment;" (2) the indictment alleges the use of a weapon and the weapon is deadly *per se;* or (3) the jury affirmatively answers a special issue on the use of a deadly weapon. *Davis v. State,* 897 S.W.2d 791, 793 (Tex.Crim.App. 1995); *Polk v. State,* 693 S.W.2d 391, 394 (Tex.Crim.App. 1985); *Johnson v. State,* 6 S.W.3d 709, 713-14 (Tex.App.--Houston [1st Dist.] 1999, pet. ref'd). The indictment here specifically alleged the use of a "deadly weapon," and the jury's verdict reads "guilty as charged in the indictment." Once the jury makes the affirmative finding, the trial court "shall" enter this finding in the judgment. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3g(a)(2)(West Supp. 2014). In other words, entering the affirmative finding in the judgment is mandatory and the trial court has no discretion. *See State ex rel. Esparza v. Paxson,* 855 S.W.2d 170, 172 (Tex.App.--El Paso 1993, no pet.); *Garcia v. State,* No. 04-14-00378-CR, 2015 WL 2255138, at *3 (Tex.App.--San Antonio May 13, 2015, no pet.)(mem. op., not designated for publication)(citing *Roots v. State,* 419 S.W.3d 719 (Tex. App.--Fort Worth 2013 pet. ref'd). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Rhoten v. State,* 299 S.W.3d 349, 356 (Tex.App.--Texarkana 2009, no pet.)(citing *Asberry v. State,* 813 S.W.2d 526, 531 (Tex.App.--Dallas 1991, pet. ref'd)); *see French,* 830 S.W.2d at 609.

15

Here, we modify the trial court's judgment to reflect that: (1) the jury found Appellant used or exhibited a deadly weapon as to each Count; (2) the jury assessed a sentence of fifty years' and a fine of $5,000 as to each Count; (3) the trial court pronounced Count I and II are to run concurrent; (4) Appellant pled not guilty as to each Count; (5) Appellant pled not true to the two alleged prior felony convictions as to each Count; and (6) the jury found true to Appellant's two prior felony convictions as to each Count.

## CONCLUSION

We affirm the trial court's judgment as reformed.


August 21, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do No Publish)

16